## In re Anonymous No. 21 D.B.78

Disciplinary Board Docket no. 21 D.B.78.

To the Honorable Chief Justice and Justices of The Supreme Court of Pennsylvania

SCHIAVO, *Board Member,* June 8, 1981— Pursuant to Pa.R.D.E. 218(c)(5) (Enforcement Rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above and within petition for reinstatement or the within petitioner, [   ].

## I. HISTORY OF THE PROCEEDINGS

Petitioner, an attorney heretofore admitted to the practice of law in the Commonwealth of Pennsylvania, and subsequently suspended on March 5, 1979 by order of the Supreme Court of Pennsylvania for a period of three years made retroactive to May 30, 1978, has filed a petition for reinstatement hereunder, his period of suspension ending on May 30, 1981.

Discipline of suspension was based upon petitioners' plea of guilty on September 23, 1977 to 114 counts of theft by deception in the [ ] Court of Common Pleas resulting from four years (1970 to 1975) of his forging salvage receipts, checks, from subrogation claims made payable to [ ] the company for which he worked and his depositing them to his own account in a total sum of approximately $50,000. He had been found guilty of violation of D.R. 1-102(A)(3) dealing with illegal conduct involving moral turpitude; D. R. 1-102(A)(4) dealing with dishonesty, fraud, deceit or misrepresentation; and D.R. 1-102(A)(6) dealing with conduct adversely reflecting on a lawyer's fitness to practice law. Petitioner had been candid in admitting his guilt. There was some evidence that he was having personal problems during the period of his violations. He was put on probation by the [ ] County Court for a period of ten months. It now appears as though he has adequately and sufficiently settled with his company and the insurance company involved in indemnifying his company, having made adequate restitution to them or provision of the same.

On June 7, 1978 and again on August 4, 1978 he had sent letters to the Disciplinary Board certifying his full compliance with the provisions of his suspension. There is no indication of record to indicate

that he has practiced law in any way, manner or form during the period of his suspension. He has since read all the advance sheets, took a Bar Review course from December, 1979 to February, 1980 and has sat for the Multi-State portion of the Pennsylvania Bar Examination, receiving a score of 114 scaled down; he also had performed some legal research as a paralegal in a certain law office. He has also been given good recommendations by various and distinguished members of the bar and the community of [   ] County, and there is no indication of any other pending disciplinary matters hereunder.

What is more, no objections or exceptions have been filed by Disciplinary Counsel to said petition for reinstatement.

## II. HEARING COMMITTEE RECOMMENDATION AND REASONS THEREFOR

Following the December 12, 1980 filing of the petition, a hearing committee was appointed in this matter and case, and it unanimously recommended that petitioner be reinstated to the practice of law upon the completion of the suspension period ordered by the Supreme Court of Pennsylvania.

## III. FINDINGS OF FACT

1. Petitioner has not engaged in the practice of law either directly or indirectly during his period of suspension.

2. Petitioner has made adequate restitution to his former employer company, [   ] , by having paid it the sum of $21,766, and having entered into an agreement to pay its indemnitor, [   ] the sum of $25,000.

3. Petitioner has fully complied with all the pro-

visions of his discipline of suspension hereunder and has also lived up to any and all of the terms of probation imposed upon him by the Court of Common Pleas of [ ] County.

4. Petitioner has read advance sheets on a continuing basis, has taken a Bar Review course from December, 1979 to February, 1980 and has sat for the Multi-State portion of the Pennsylvania Bar Examination receiving a score of 114 scaled down; and petitioner has also performed legal research as a paralegal.

5. Petitioner has received good recommendations for competency and integrity from [ ], Esq., Executive Director of [ ] Bar Association, from [ ], Esq., and from [ ], the latter being a party with whom he has worked as a consultant and assistant in non-legal matters.

6. Disciplinary counsel has not filed any exceptions or contest to said petition for reinstatement.

## IV. CONCLUSIONS OF LAW

1. Petitioner has the moral qualifications, competency and learning in the law required for admission to practice law in the Commonwealth of Pennsylvania.

2. The resumption of the practice of law by petitioner will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.

## V. DISCUSSION

Under Pa.R.D.E. 218 the burden of proof is on a suspended attorney to establish by clear and convincing evidence that he or she has the moral qualifications, competency and learning in the law required for admission to practice in the Commonwealth of Pennsylvania and that the resumption of

the practice of law by him will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest. This Disciplinary Board is of the same opinion as the hearing committee that petitioner has clearly met his burden of proof hereunder and should be admitted to the practice of law.

The board is impressed with the fact that petitioner has not in any way, manner or form practiced law during his period of suspension, has lived up to the terms of his court imposed probation and has continued to work and be gainfully employed in non-legal related fields, save as a paralegal which is perfectly allowable, during his period of suspension, thereby indicating the type of moral qualification which is required under said Rule 218. Rule 218 speaks to the activity, character and competency of petitioner during his period of suspension and not before, that is, those violations of the Disciplinary Rules and the underlying facts which led to his intitial suspension are not factors to be considered and determinative in any way in and of the Petition for Reinstatement: In re: Anonymous, no. 60 D.B. 75.

In other proceedings dealing with a petition for reinstatement before this board such petition was denied because of questions arising about the moral qualifications of petitioner during his period of suspension such as whether or not he was involved in certain undesirable situations or in a criminal act during the period of suspension; and when such questions have arisen, then the petitioner fails to meet his burden of proof, and his petition for reinstatement is resultantly denied: In re: Anonymous, no. 53 D.B. 75.

Petitioner has also kept abreast of the developments of law and has refreshed his faculty with regard to the processes of the law by having taken

law courses as aforesaid, by having done work as a paralegal and by having sat for the Multi-State portion of the Pennsylvania Bar Examination. This not only points out petitioner's competency in the law but also his good faith willingness to once again enter into the practice of law in a very qualified manner.

He has also been active in his community, church and civic organizations and appears to have fully settled any and all personal problems that he may have had previously. There appear to be everywhere indications that petitioner has been fully strengthened and rehabilitated by the discipline of his suspension. Nothing further need stand in his way.

## VI.  RECOMMENDATION

For the reasons set forth above the Disciplinary Board recommends to your honorable court that petitioner, [   ] be reinstated to the practice of law pursuant to Pa.R.D.E. 218 upon payment of the necessary expenses incurred in the investigation and processing of his petition for reinstatement hereunder as set forth on the attached schedule pursuant to Pa.R.D.E. 218.

## ORDER

ROBERTS, *J.*, And now, June 22, 1981, the recommendation of the Disciplinary Board dated June 8, 1981, is accepted and the petition for reinstatement is granted.

The expenses incurred by the board in the investigation and processing of *the petition for* reinstatement shall be paid by petitioner.

Mr. Justice Larsen and Mr. Justice Kauffman would not grant reinstatement at this time.